John Kaempf, OSB #925391
KAEMPF LAW FIRM, PC
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006
Email: john@kaempflawfirm.com

Attorney for Defendant Twin Lakes
Church

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| ERIC A. BECKSTROM,<br><br>    Plaintiff,<br><br>  v.<br><br>ROD ALLEN BECKSTROM, et al.,<br><br>    Defendants. | No. 6:26-cv-00920-AA<br><br>**DEFENDANT TWIN LAKES CHURCH'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**<br><br>(REQUEST FOR ORAL ARGUMENT) |

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-1</u>

In compliance with this Rule, the parties made a good faith effort through a telephone conference to resolve the dispute and have been unable to do so.

/ / /

/ / /

/ / /

Page 1    DEFENDANT TWIN LAKES CHURCH'S MOTION TO DISMISS

## MOTION

This is a civil action involving a two-page Complaint filed by the *Pro Se* Plaintiff.  (Complaint, ECF 1, at 2.)

Under FRCP 12(b)(2) and (6), FRCP 17(a)(1), and the Court's inherent authority, Defendant Twin Lakes Church "Defendant" moves to dismiss all claims against it with prejudice.  That is because what Plaintiff alleges in his Complaint, even considering its exhibits, without conceding they are properly part of this Motion, fails to establish personal jurisdiction over Defendant, and fails to state any claim for relief.  Moreover, as a matter of law, Defendant is not vicariously liable for what Plaintiff alleges.  And as to Plaintiff's second claim, for civil sex trafficking, he is not the real party in interest.

## MEMORANDUM OF LAW

### A. Summary of the Complaint

Plaintiff's *Pro Se* Complaint references that he seeks "damages and injunctive relief," and it arises under the Racketeer Influenced and Corrupt Organizations Act "RICO," and the Trafficking Victims Protection Reauthorization Act "TVPRA."  He also contends he asserts a claim for intentional infliction of emotional distress "IIED."  (Complaint at 1-2.)

Plaintiff alleges he is "a victim of 15 years of engineered surveillance and domestic sabotage." *Id*. at 1.

And Plaintiff alleges Defendant is an "operational sensor" that is "used to monitor Plaintiff's movements." *Id*. at 2.

Page 2    DEFENDANT TWIN LAKES CHURCH'S MOTION TO DISMISS

Plaintiff asserts he sued here in Oregon because "the State of California is tainted due to the massive racketeering network." *Id*. at 1.

And Plaintiff fails to allege any facts allowing for personal jurisdiction over Defendant in Oregon.

**B.      The legal standards that apply to a FRCP 12(b)(2) and (6) Motion to Dismiss**

FRCP 12(b)(2) states that a party may assert the following defense by motion: "Lack of personal jurisdiction."

FRCP 12(b)(6) states that a party may assert the following defense by motion: "Failure to state a claim upon which relief can be granted."

These are the standards this Court applies to decide an FRCP 12(b)(6) motion to dismiss:

> In order to survive a motion to dismiss, a Complaint must contain more than a "formulaic recitation of the elements of a cause of action." A Complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." A claim is facially plausible when the factual allegations give rise to a reasonable inference that the defendant is liable for the alleged misconduct. However, the factual allegations must allow the court to infer more than a "mere possibility of misconduct." When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a court should view all allegations made in the complaint in a light most favorable to the plaintiff. A court need not, however, accept legal conclusions ""'cast in the form of factual allegations."

*Haun v. JPMorgan Chase Bank, N.A.*, 2023 WL 4235315 at *1 (D. Or. 2023) (citing U.S. Supreme Court and Ninth Circuit cases). "As Haun fails to state a claim, Defendant's Motion to Dismiss is GRANTED." *Id*. at *3.

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And "it is axiomatic that *pro se* litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (CA9 2022). So, "this district has made clear that *pro se* litigants are required to follow all rules that govern proceedings in this court. Self-represented parties are expected to comply with the Federal Rules of Civil Procedure" and "the Court's Local Rules." *Murphy v. Wilhelm*, 2021 WL 799307 at *2 (D. Or. 2021).

A "dismissal for failure to state a claim upon which relief can be granted involves issues of law and is reviewed *de novo*." *Quick v. U.S.*, 771 F.2d 1291, 1293 (CA9 1985). "The district court dismissed the suit for failure to state a claim," and "we affirm." *Id*. at 1292.

And the overall public policy behind the FRCP supports granting this Motion. FRCP 1 states, in relevant part, that these rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Therefore, and respectfully, this Court must now decide, as a matter of law, and subject to *de novo* review, whether Plaintiff fails to state a claim for relief.

And "in opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (CA9 2008). Plaintiff fails to

meet his burden.  The Complaint establishes that Defendant is based in California, and Plaintiff believes that State "is tainted." (Complaint at 1-2.)  That fails to establish personal jurisdiction over Defendant in this Court.

So, the Court should dismiss all claims against Defendant with prejudice.

Another reason to do that is that, as a matter of law, what Plaintiff alleges fails to establish vicarious liability against Defendant, a church.  Plaintiff does not allege any co-defendant was an employee of Defendant.  To hold Defendant vicariously liable, Plaintiff must allege that the conduct an employee was hired to perform arguably resulted in the acts that caused Plaintiff's injury.  *Minnis v. Oregon Mutual Ins. Co.*, 334 Or. 191, 205 (2002).  But Plaintiff fails to do that.

The elements of a civil RICO claim, Plaintiff's first claim (Complaint at 2), are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Broth. of Carpenters & Joiners of America v. Building and Const. Trades Dept.*, 770 F.3d 834, 837 (CA9 2014).  As to Defendant, Plaintiff fails to make all five of these good faith factual allegations.  Thus, the Court should dismiss Plaintiff's RICO claim against Defendant with prejudice.

Plaintiff's second claim is under the TVPRA.  (Complaint at 2.)  It is based on Defendant allegedly knowingly recruiting, enticing, and harboring two other named individuals for commercial sex acts.  *Id*.

But FRCP 17(a)(1) states: "An action must be prosecuted in the name of the real party in interest."  Thus, the Court should dismiss Plaintiff's second claim against Defendant because he is not the "real party in interest" as to it.

Page 5    DEFENDANT TWIN LAKES CHURCH'S MOTION TO DISMISS

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006

And to recover under the TVPRA, a person must be "the *victim* of sex trafficking under 18 U.S.C. §§ 1581 et seq," and they must sue "in an appropriate district court of the United States." *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F.Supp.3d 1018, 1023-1024 (D. Or. 2021) (Judge Immergut, emphasis added). But Plaintiff fails to satisfy either of these requirements. "This Court GRANTS Defendants' Motions to Dismiss for Failure to State a Claim with prejudice." *Id*. at 1021. This Court should do that again here.

Plaintiff's third and final claim is for IIED. (Complaint at 2.) To recover for IIED, Plaintiff has to establish three elements: (1) Defendant intended to cause him severe emotional distress or knew with substantial certainty that its conduct would cause such distress; (2) Defendant engaged in outrageous conduct, extraordinarily beyond the bounds of socially tolerable behavior; and (3) Defendant's conduct in fact caused him to suffer severe emotional distress. *Anselmo v. Target Corp.*, 340 Or. App. 21, 27-28 (2025). Plaintiff's (at best) legal conclusions about the emotional distress he allegedly suffered fail to meet these requirements. So, the Court should dismiss his IIED claim against Defendant with prejudice.

## **CONCLUSION**

The Court should grant Defendant's motion to dismiss all claims against it with prejudice because on its face, the Complaint shows the Court lacks personal jurisdiction over it. And Plaintiff fails to state any claim for relief against it. And Defendant is not vicariously liable for what allegedly occurred, to the extent it can understand Plaintiff's Complaint.

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006

And, as to Plaintiff's claim for civil sex trafficking, he is not the real party in interest according to his own version of events.

DATED: June 30, 2026.

KAEMPF LAW FIRM PC

/s/ John Kaempf
John Kaempf, OSB #925391
john@kaempflawfirm.com

Attorney for Defendant Twin Lakes Church

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2026, I served a true copy of the foregoing on the parties by email.

*Pro Se* Plaintiff:  Lind36ram@proton.me

Jamie Daigle
jamie@daigle.law

Attorney for Defendant Rod Beckstrom

KAEMPF LAW FIRM PC

/s/ John Kaempf
John Kaempf, OSB #925391
john@kaempflawfirm.com

Attorney for Defendant Twin Lakes
Church

Page 1    CERTIFICATE OF SERVICE

**KAEMPF LAW FIRM PC**
2021 SW Main Street, Suite 64
Portland, Oregon 97205
Telephone: (503) 224-5006