IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ERIC A. BECKSTROM,                                    Civ. No. 6:26-cv-00920-AA

               Plaintiff,                          **OPINION & ORDER**

     v.

ROD ALLEN BECKSTROM,
et al.

              Defendants.

_____

AIKEN, District Judge.

This case comes before the Court on pro se Plaintiff Eric A. Beckstrom's ("Plaintiff") Motion for Temporary Restraining Order, ECF No. 29. For the reasons set forth below, Plaintiff's Motion is DENIED.

## LEGAL STANDARD

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016).

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary

Page 1 – OPINION AND ORDER

injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the Winter test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. Id. at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

At this time, Plaintiff has filed the original Complaint, ECF No. 1, a First Amended Complaint ("FAC"), ECF No. 27, and a Second Amended Complaint, ("SAC"), ECF No. 28. Plaintiff's filings are hard to decipher. The SAC is styled as an "amended insert" and is clearly not intended to supersede the FAC. But that is not in keeping with Local Rule 15-1(a)(1), which differentiates "amended" pleadings from "supplemental" pleadings, or the "well-established doctrine that an amended pleading supersedes the original pleading." *Koala v. Kholsa*, 931 F.3d 887, 895 (9th

Page 2 – OPINION AND ORDER

Cir. 2019) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). This issue appears in the FAC as well, as the FAC uses "et al." in listing the Defendants. But the FAC must stand on its own without reference to the original complaint. LR 15-1(a)(3) ("An amended or supplemental pleading may not incorporate by reference any part of the prior pleading, including exhibits."). Clearly an operative complaint must name the defendants. Finally, the SAC was filed without the consent of Defendants and without leave from the Court.

For the purposes of analyzing the TRO, the Court must determine what, if any, claims Plaintiff is bringing. The Court looks to the FAC, which states that "the sequential disclosures compiled herein serve as the primary, unalterable supporting evidence for all claims asserted under the statutory frameworks of Civil RICO (18 U.S.C. § 1962) and Sex Trafficking (18 U.S.C. § 1591)." FAC at 1.

18 U.S.C. § 1962 is a criminal statute under the Racketeering Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1962. Because Plaintiff is pro se, the Court liberally construes the pleading to mean § 1964, which includes a private right of action under RICO.

18 U.S.C. § 1591 is also a criminal statute under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). TVPRA, like RICO, does include a private right of action at § 1595.

Turning to Plaintiff's pending motion, the Court will reproduce the entirety of Plaintiff's legal argument:

> Plaintiff Pro Se, Eric A. Beckstrom, hereby applies to this Court for an Emergency Temporary Restraining Order and Sealing Order to

Page 3 – OPINION AND ORDER

> instantly lock and secure the residential real property located at 102 Alta Heights Court, Los Gatos, California (APN: 532-29-045).
>
> . . .
>
> This location serves as a primary regional hub containing critical physical artifacts, original blueprints, and hardware evidence central to resolving this Civil RICO and TVPRA action. Left unsealed, there is an immediate, high-probability risk that the defendants or their corporate proxies will execute an unauthorized physical entry to alter, remove, or destroy this irreplaceable evidence prior to a court-authorized forensic discovery inventory. The Plaintiff has established a clear probability of success on the merits, and immediate irreparable harm will occur absent judicial intervention.

Pl. Mot. at 1

Plaintiff also includes a declaration in support of his motion. *Id.* at 2-3.

Exemplary of the declaration are the following statements:

> This systematic infiltration was structured via a 24/7 back-office concierge system that provided DuBridge with real-time scripts, logistical routing, and specialized intelligence to target and compromise every builder, subcontractor, commercial vendor, tradesman, framer, and landscaper tied to my architectural projects across California, Oregon, Colorado, Nebraska, Oklahoma, Maine, Vermont, Texas, England, and Sweden. The infiltration includes CASA children, adult children of her friends who have been groomed over their entire lives, Clergy, Major Sports Figures, Actors, Tech Titans, University Professors, Think Tanks, several Billionaires, scores of ordinary service workers (documented and undocumented) and scores of regular, boring couples.
>
> . . .
>
> This comprehensive network of compromised nodes, involving an estimated +3,000 distinct individuals across multiple states and international jurisdictions, functions as a coordinated witness containment mechanism. The primary defendants have utilized this boundaryless ecosystem to capture my intellectual capital and use my presence as the moral anchor/screen for their industrial level operation which enforced a devastating six-year total, 100%, communication blockade between me and my children[.]

Page 4 – OPINION AND ORDER

*Id.*

Plaintiff does not make any legal argument about the probability of success on the merits, the balance of the equities, or the public interest. Stating "Plaintiff has established a clear probability of success on the merits" is conclusory and unsupported.

A TRO is an "*extraordinary remedy* that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." Plaintiff has failed to meet his burden, and the Motion is denied.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion, ECF No. 29, is DENIED.

It is so ORDERED and DATED this ___14th___ day of July 2026.


      /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 5 – OPINION AND ORDER