**Lorianne Hanson, OSB #101074**
lorianne.hanson@wilsonelser.com
**Fatima S. Al-Rikabi, OSB #254251**
fatima.al-rikabi@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5900 (main)
(206) 709-5901 (fax)

***Attorneys for Defendant Cascadia Health***

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ERIC A. BECKSTROM,<br><br>Plaintiff,<br><br>v.<br><br>ROD ALLEN BECKSTROM; CATHERINE LEE DUBRIDGE; MICHELE C. BECKSTROM; PATRICE V. BECKSTROM; DEAN ROSSI; RONALD ROSSI; BRUCE WESTPHAL; TIM BERTHOLD; TWIN LAKES CHURCH; THE CLUB AT LOS GATOS; COLDWELL BANKER-LOS GATOS; CHRISTIES'S INTERNATIONAL REALTY SERENO-LOS GATOS; CASCADIA HEALTH,<br><br>Defendants. | Civil No.: 6:26-cv-00920-A<br><br>**DEFENDANT CASCADIA HEALTH'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AND, ALTERNATIVELY, 12(B)(5)** |

## LR 7-1(a) CERTIFICATION OF CONFERRAL

To the extent this motion pertains to the alternative argument of insufficient service of process, counsel for Defendant Cascadia Health ("Cascadia Health") was unable to comply with Local Rule 7-1(a)(1)(A) because Plaintiff has not provided a telephone number in his filings. Online research suggests that Plaintiff uses only P.O. Boxes for contact. There was insufficient time to attempt to confer by exchanging written communication as the undersigned was assigned this file on July 28, 2026. *See* Declaration of Lorianne Hanson in Support of Motion to Dismiss ("Hanson Decl."), ¶2; Fed. R. Civ. P. 12(a).

## I. RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant Cascadia Health respectfully moves this Court for an order dismissing with prejudice Plaintiff's Second Amended Complaint as to Cascadia Health on the ground that Plaintiff has failed to plead facts sufficient to state a claim upon which relief can be granted.

Alternatively, Cascadia Health moves the Court to dismiss the Second Amended Complaint as to Cascadia Health pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

## II. STATEMENT OF FACTS

Cascadia Health provides mobile behavioral health services designated as Project Respond. (Second Amended Complaint (SAC) ¶1, Dkt 28.)[1] This action as to Cascadia Health arises from a

[1] For the Court's convenience, Defendant has attached the portions of Plaintiff's filings relevant to this motion as Hanson Decl., Exhibit 1.

benevolent response by Cascadia Health's Project Respond mobile behavioral health crisis team, which the self-represented Plaintiff purports to transform into a highly fantastic, multi-decade, multijurisdictional conspiracy.

On June 25, 2026, Project Respond responded to the Portland FBI Field Office when Plaintiff appeared there in what appears generally from Plaintiff's filings to have been a mental health crisis. (*Id.* ¶2 and Ex A.) Two members of the Project Respond crisis team attempted to intervene, leaving Plaintiff with their contact information. (*Id.* Ex 83B ¶ I and Image 83B.)

Plaintiff subsequently filed his Second Amended Complaint (Dkt. 28), alleging his conclusion that Cascadia Health's presence at the FBI Portland Field Office was a coordinated "crisis theater" diversion designed to distract him while federal security officers ransacked his briefcase, extracted 20 USB drives, displaced two backup hard drives from his Faraday bag, compromised his burner phone and cloned the contents of his laptop. (*Id.* ¶3 and Ex. 83A.) Plaintiff claims that the federal security officers and Cascadia Health acted as part of a greater multi-decade, malicious family and financial conspiracy. (*Id.* and Ex. 83A.) There are no facts pled to support Plaintiff's theory of Cascadia Health as a conspirator, other than that the Project Respond crisis team attempted to intervene when Plaintiff presented himself in an apparent mental crisis at the FBI Field Office.

Plaintiff filed his Second Amended Complaint on July 7, 2026 (Dkt. 28), naming Cascadia Health as a defendant for the first time. He sent the Second Amended Complaint to Cascadia Health via certified mail without a return receipt requested / signature required. (Hanson Decl., Ex. 2).

## III. AUTHORITY AND ARGUMENT

### A. THE COURT SHOULD DISMISS WITH PREJUDICE THE CLAIMS AGAINST CASCADIA HEALTH PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO STATE ANY COGNIZABLE CLAIM AGAINST CASCADIA HEALTH.

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating the sufficiency of a complaint under Rule 12(b)(6), a court accepts well-pleaded facts as true but is not bound to credit legal conclusions, unwarranted deductions, or speculative theories couched as factual allegations. *See Walker v. Portland Public School District No. 1J*, No. 3:21-cv-01349-IM, 2022 WL 3335529; U.S. Dist. LEXIS 144366, at *2 (D. Or. Aug. 12, 2022) (Immergut, J.) (finding that speculative assertions of "failures to train or supervise" are legal conclusions that must be disregarded on a motion to dismiss); *accord Iqbal*, at 678–79 (2009); *Daniels-Hall v. National Education Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Although a court must liberally construe the pleadings of a self-represented litigant, this administrative leniency does not require the Court to accept as true allegations that are factually frivolous or delusional. While the "plausibility" standard of federal pleading typically requires a court to presume the truth of a complaint's factual contentions, this presumption is strictly limited to rational, plausible, and non-delusional assertions. Where a plaintiff's allegations describe highly fantastic or impossible occurrences, the complaint lacks even an arguable basis in fact and must be dismissed at the threshold. *See Neitzke v. Williams*, 490 U.S. 319, 325, 328 n.7 (1989) (holding that while the

deferential standard of pleading requires a court to accept well-pleaded facts as true, this rule is inapplicable to factual allegations that are "fanciful," "fantastic," or "delusional," which where claims lacked an arguable basis in fact).

Applying this baseline, each of Plaintiff's claims against Cascadia Health fails as a matter of law. Plaintiff's allegations against Cascadia Health—specifically, that its mobile mental health crisis response team coordinated with the FBI to stage a "crisis theater" inside a secure FBI gatehouse to allow federal guards to clone his air-gapped hard drives as part of a multi-decade family erasure conspiracy – are not plausible and can be discredited as speculative, delusional and fanciful conclusions rather than factual allegations that must be accepted as true for the purposes of FRCP 12(b)(6). Even crediting Plaintiff's assertions, however, his claims still fail on the face of the Complaint as a matter of law.

**1. Plaintiff Fails to Allege Plausible Joint or State Action to Support his Constitutional Claims as to Cascadia Health.**

Plaintiff's civil rights claim under 42 U.S.C. § 1983 must be dismissed because Cascadia Health is a private behavioral healthcare provider, and Plaintiff fails to allege any plausible facts showing that its mobile crisis response constituted joint or state action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right committed by a person acting under color of state law. *See Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994); *see also Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). Purely private conduct, no matter how wrongful, does not constitute state action unless it is fairly attributable to the state.  Private conduct constitutes state action only if it involves a function traditionally and exclusively associated with state sovereignty. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Private behavioral health providers responding to a mental

health crisis that happens to be at governmental facilities do not perform a traditional, exclusive sovereign function.

Joint action or conspiracy under § 1983 requires a plausible mutual agreement and coordinated action to violate constitutional rights, not unilateral private responses to public safety concerns. Plaintiff alleges only speculation and conclusion that on June 25, 2026, Cascadia personnel entered the Portland FBI Field Office to conduct "crisis theater" to distract him while federal security officers cloned his air-gapped hard drives (Dkt. 28, SAC ¶¶ 2, 3). There is only supposition, with no plausible supporting facts, that Cascadia Health's attempted mental health intervention with Plaintiff was some sort of mutual agreement between Cascadia Health and the FBI (and the numerous other individuals identified in the pleadings) to clone Plaintiff's drives.

Because Cascadia Health's mobile crisis de-escalation does not constitute state action or conspiracy, Plaintiff's Section 1983 civil rights claim must be dismissed under Rule 12(b)(6). To the extent Plaintiff is bringing claims against Cascadia Health related to the Fourteenth Amendment, that claim also should be dismissed for lack of state action. *See* U.S. Const. amend. XIV, §1 ("No *State* shall make or enforce any law …).

### 2. Plaintiff's Other Claims Fail for Lack of Facts Supporting Any Alleged Conspiracy or Joint Action by Cascadia Health and Because They Are Not Independently Cognizable as to Cascadia Health.

Plaintiff has pled no facts supporting his assertion that Cascadia Health conspired with any other Defendant or other party identified in the pleadings. Indeed, other than Project Respond's attempted intervention when Plaintiff appeared at the Portland FBI Field Office, Plaintiff has pled no facts connecting Cascadia Health with any party or activity alleged in the Complaint at all.

Moreover, the claims Plaintiff pleads as the subjects of the alleged conspiracy are not viable as to Cascadia Health in any event.

**(a) There is no Private Civil Remedy Under the Federal Criminal Cyberstalking (18 U.S.C. § 2261A) or Witness Tampering (18 U.S.C. § 1512) Statutes.**

Federal criminal statutes do not imply private civil rights of action unless Congress explicitly provides one. *See Jones v. Target Corp.*, No. 3:23-cv-01301-JR, 2024 2024 LX 125792; 2024 WL 1747326; U.S. Dist. LEXIS 74780, at 15–16 (D. Or. Apr. 1, 2024) (Russo, Mag. J.) (finding that a pro se plaintiff cannot bring civil claims for damages premised on state or federal criminal tampering, obstruction, or witness provisions), adopted by order, 2024 U.S. Dist. LEXIS 73588 (D. Or. Apr. 23, 2024) (Simon, J.)*; see also Schwettmann v. Starns*, 2023 U.S. Dist. LEXIS 213285, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) ("[a] citizen does not have authority to bring criminal charges, either under state or federal law"); (citing *Hart v. Granado*, 2023 U.S. Dist. LEXIS 198556, 2023 WL 7301872, *2-3 (D. Ariz. Nov. 6, 2023) (dismissing the pro se plaintiff's claims pursuant to criminal statutes with prejudice, explaining "criminal provisions provide no basis for civil liability") (citation and internal quotations omitted).

**(b) Plaintiff Fails to State a Civil RICO Claim (18 U.S.C. § 1962) Due to the Lack of Any Alleged Predicate Acts or Investment-Related Injury.**

Plaintiff claims that Cascadia Health is jointly and severally liable for Civil RICO claims, but Plaintiff fails to allege facts supporting that Cascadia Health committed any predicate acts of racketeering or that Plaintiff suffered an investment-related injury. To state a civil claim under 18 U.S.C. § 1962(a), a plaintiff must allege: (1) a defendant received income derived from a pattern of racketeering activity; (2) the defendant used or invested that income in the establishment or

operation of an enterprise; and (3) the plaintiff suffered a distinct injury flowing from the use or investment of racketeering income, rather than merely from the predicate acts themselves. *Beckett v. Computer Career Inst.*, 120 Or. App. 143, 147, 852 P.2d 840, 842 (1993). Pleading a § 1962(c) claim requires a pattern consisting of at least two related predicate acts of racketeering listed in 18 U.S.C. § 1961(1). An investment-related injury requires a distinct injury arising from the "use or investment" of racketeering proceeds. *Id.* Here, Plaintiff alleges a multi-decade "family erasure" and "domestic sabotage" racketeering scheme. The are no factual allegations indicating that Cascadia Health committed any statutory predicate acts or was involved in the use if any investment of racketeering proceeds.

#### (c) Plaintiff Fails to Plead Any Facts Supporting that Cascadia Health Was Involved in Sex-Trafficking.

To establish civil beneficiary liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1595(a), a plaintiff must show that the defendant knowingly benefited from "participation in a venture" which that person "knowing or should have known" engaged in sex trafficking. Participation in a venture requires a common business undertaking or commercial relationship between the facilitator and the primary trafficker. *A.B. v. Interstate Management Co., LLC,* No. 3:23-cv-00388-IM, 2025 U.S. Dist. LEXIS 229367, at *25–26 (D. Or. Nov. 21, 2025) (Immergut, J.). In *Rojas v. First Pick Farms LLC,* the court held that direct beneficiary liability requires a substantial connection to the primary violator, and that attenuated third parties who do not have a business relationship with a venture cannot be held liable as "participants." 822 F. Supp. 3d 819, 844, 2026 U.S. Dist. LEXIS 235, at *21–22 (W.D. Mich. Jan. 2, 2026) (Maloney, J.).

Plaintiff's allegations regarding the "Beckstrom Enterprise" sex-trafficking venture are in no way connected to Cascadia Health. The allegations date back to 2011 and involve numerous individuals who Plaintiff has not connected to Cascadia Health. (Dkt. 28, Ex. A). There are no facts suggesting that Cascadia Health participated in, or benefitted from, any commercial sex venture.

#### (d) Spoliation is not an Independent Cognizable Claim.

Neither state nor federal law supports Plaintiff's claim for spoliation. Oregon law does not recognize spoliation of evidence in the context Plaintiff asserts it, if at all. If cognizable, spoliation would require prejudice to the Plaintiff's ability to prove his claims, which is only proven after a plaintiff brings a claim, loses the claim or some of its value, and can causally connect the two. *Classen v. Arete NW, LLC*, 254 Or. App. 216, 221, 294 P.3d 520, 523 (2012). To the extent federal rules would apply, spoliation would be an evidentiary issue rather than substantive claim. There is no legal support for a federal independent spoliation claim.

### B. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS.

This Court must dismiss all claims against Cascadia Health pursuant to FRCP 12(b)(5) because Plaintiff's attempted service by certified mail failed to satisfy the mandatory server and postal requirements for initiating process in federal court, rendering the attempted service legally ineffective. Under FRCP 4(e)(1), service of a summons and complaint within a judicial district of the United States may be completed by following the state law of the forum. Oregon law, under ORCP 7 D(2)(d)(i), permits service of initiating process by mail only if the documents are sent via first-class mail AND certified, registered, or express mail with return receipt requested. Under

ORCP 7 D(3)(a)(i) and ORCP 7 D(3)(c)(ii)(C), mail service is only complete on the date the defendant or their authorized agent signs a physical return receipt. Crucially, under FRCP 4(c)(2) and ORCP 7 E, a summons and complaint must be served by a person who is at least 18 years of age and not a party to the action.

Federal and state courts in Oregon strictly enforce these service rules, and a plaintiff's self-represented status does not excuse noncompliance. *See Direct Mail Specialists, Inc. v. Eclat Orchard Corp.*, 840 F.2d 685, 688 (9th Cir. 1988) (finding that a defendant's actual notice of a lawsuit does not cure a complete failure to comply with the mandatory personal or mail service mechanics of Rule 4).

Although Plaintiff may argue that Cascadia Health's actual receipt of the pleading cures any technical defects under the 'actual notice' provisions of ORCP 7 G, Oregon law is clear that actual notice does not excuse a complete failure to comply with the mandatory service mechanics of ORCP 7, such as the twin mailing and signed return receipt requirements.

## IV. CONCLUSION

For the foregoing reasons, Defendant Cascadia Health respectfully requests that the Court enter an order dismissing all claims against Cascadia Health in Plaintiff's Second Amended Complaint with prejudice.

///

///

///

DATED: August 5, 2026

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: */s/ Lorianne Hanson*
Lorianne Hanson, OSB #101074
lorianne.hanson@wilsonelser.com
*/s/ Fatima S. Al-Rikabi*
Fatima S. Al-Rikabi, OSB #254251
fatima.al-rikabi@wilsonelser.com
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5900 (main)
(206) 709-5901 (fax)
***Attorneys for Defendant Cascadia Health***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7-2(b), the undersigned attorney certifies that this brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,525 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that on the date below, I served the above document to the following parties via the method provided below:

| | |
|---|---|
| Eric A. Beckstrom<br>P. O. Box 10427<br>Eugene, OR 97440<br><br>***Pro Se Plaintiff*** | ☒ U.S. Postal Service, first-class mail<br>☐ E-Filing<br>☐ E-Service<br>☐ Hand Delivery<br>☐ CM/ECF if applicable |
| John T. Kaempf<br>KAEMPF LAW FIRM, PC<br>2021 SW Main St., Ste. 64<br>Portland, OR 97205<br>john@kaempflawfirm.com<br><br>***Attorneys for Defendant Twin Lakes Church*** | ☐ U.S. Postal Service, first-class mail<br>☐ E-Filing<br>☒ E-Service<br>☐ Hand Delivery<br>☒ CM/ECF if applicable |
| Alexander Newgard<br>Thomas A. Ped<br>WILLIAMS KASTNER<br>805 SW Broadway, Ste. 2440<br>Portland, OR 97205<br>anewgard@williamskastner.com<br>tped@williamskastner.com<br><br>***Attorneys for Defendant Coldwell Banker-Los Gatos*** | ☐ U.S. Postal Service, first-class mail<br>☐ E-Filing<br>☒ E-Service<br>☐ Hand Delivery<br>☒ CM/ECF if applicable |

Meliha Jusupovic
MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
520 Pike St., Ste. 1205
Seattle, WA 98101
mjusupovic@mpbf.com

***Attorneys for Defendant Christie's International Realty Sereno-Los Gatos***

☐ U.S. Postal Service, first-class mail
☐ E-Filing
☒ E-Service
☐ Hand Delivery
☒ CM/ECF if applicable

DATED at Seattle, Washington this 5th day of August, 2026.

By *_/s/ Kathy Peters_*
Kathy Peters, Legal Assistant